**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID JOSEPH TEAYS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>TULSA COUNTY SHERIFF DEP'T; )<br>ARMOR CORRECTIONAL HEALTH, INC.; )<br>STANLEY GLANZ; )<br>KATHY LOHER, )<br>)<br>    Defendants. ) | Case No. 15-CV-088-JED-TLW |

**ORDER**

On March 12, 2015, Plaintiff, a state prisoner appearing *pro se*, filed a "request for subponea [sic] of records" (Doc. 14) and an "amendment [sic] motion for protection order" (Doc. 15). Plaintiff also sent four (4) letters addressed to the undersigned (Doc. 16) and a summons and USM-285 Marshal service form for service on Defendant Armor Correctional Health, Inc (Armor). For the reasons discussed below, Plaintiff's claim against Defendant Armor shall be dismissed without prejudice for failure to state a claim, and Plaintiff's motions for subpoena of records and for "protection order" shall be denied.

The record reflects that, on February 19, 2015, Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). He also filed a motion for "order of protection" (Doc. 3) and submitted two summonses and two USM-285 Marshal service forms.[1] Plaintiff is in custody at David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail (TCJ). On February 20, 2015, Plaintiff filed a supplement to his complaint (Doc.

---

[1] Plaintiff originally provided service documents for only Defendants Glanz and Loher.

5), addressing his efforts to exhaust administrative remedies. On February 26, 2015, Plaintiff filed a second motion for "order of protection" (Doc. 7). By Order filed March 3, 2015 (Doc. 10), the Court granted Plaintiff's motion to proceed *in forma pauperis*, as supplemented; denied Plaintiff's motions for "order of protection"; determined that the complaint fails to state a claim against Defendants Tulsa County Sheriff Department and Glanz; and determined that Counts II and III of Plaintiff's complaint fail to state a claim upon which relief may be granted. The Court also directed the United States Marshal to serve the complaint on Defendant Loher so that she may respond to Count I. *Id.* at 14-15. The Court further directed that "[n]o applications, motions, or discovery should be filed or considered until the steps set forth in this order have been completed, except as the Court further orders." *Id.* at 16.

**A. Claim against Defendant Armor shall be dismissed**

In the Order entered March 3, 2015 (Doc. 10), the Court set forth legal standards governing dismissal of claims for failure to state a claim. Applying those standards in this case, the Court finds the factual allegations contained in Plaintiff's complaint are insufficient to state a claim upon which relief may be granted as to Defendant Armor.

"A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013) (citing 42 U.S.C. § 1983 and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). Because it appears Armor is providing medical services to pretrial detainees and inmates at the TCJ, it is assumed that Armor was "acting under the color of state law" for purposes of Plaintiff's § 1983 action. *See West v. Atkins*, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate

medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation to provide adequate medical care to [plaintiff]; the State delegated that function to respondent [doctor]; and respondent voluntarily assumed that obligation by contract." (footnote omitted)); *see also Barber v. Whetsel*, 2014 WL 3853644, *4 (W.D. Okla. Aug. 5, 2014) (unpublished).[2]

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a governmental body "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. The holding of *Monell* extends to a private entity, such as Defendant Armor, sued under § 1983. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Thus, in order to state a claim for relief against Defendant Armor, Plaintiff must provide plausible allegations showing that Armor directly caused the constitutional violation he alleges, deliberate indifference to his serious medical needs, by instituting a policy or custom that was the "moving force" behind the constitutional violation. *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1320 (10th Cir. 1998) ("[I]n order to hold a municipality liable for an employee's constitutional violations, a plaintiff must show not only that a constitutional violation occurred, but also that some municipal policy or custom was the moving force behind the violation."); *see also Revilla v. Glanz*, 8 F. Supp. 3d 1336, 1340-41 (N.D. Okla. 2014) (noting that "settled law in all Circuits to have decided the issue is that *Monell* extends to private corporations and thus they cannot be held liable on a *respondeat superior* basis for their employees' conduct"). As the Court determined in the Order entered March 3, 2015 (Doc. 10 at 11), nothing in Plaintiff's complaint alleges or provides evidence of such a policy or custom.

---

[2]This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Furthermore, Plaintiff has not alleged that a policymaker at Defendant Armor had any awareness of the incidents alleged in Count I of the Complaint. For these reasons, the complaint fails to state a claim against Defendant Armor and that defendant shall be dismissed from this action without prejudice.

**B. Plaintiff's motions**

The Court shall deny Plaintiff's motion for subpoena of records and amended motion for "protection order." Upon service, the agency responsible for the civil rights violation alleged in Count I has been ordered to prepare a Special Report. Since Count I concerns the adequacy of medical care being provided to Plaintiff, the Court anticipates that the Special Report will contain records reflecting Plaintiff's medical treatment. Thus, it should be unnecessary to issue a subpoena to obtain Plaintiff's records once the Special Report is prepared and filed of record. For that reason, Plaintiff's motion for subpoena of records shall be denied at this time. In addition, Plaintiff's amended motion for "protection order" shall be denied at this time for the reasons set forth in the Order filed March 3, 2015 (Doc. 10).

Furthermore, in the Order entered March 3, 2015 (Doc. 10), the Court directed that no motions should be filed until after the Special Report and Defendant's answer and/or dispositive motion have been filed. In compliance with that Order, Plaintiff should refrain from filing additional motions and requests until after his complaint has been served and the Special Report has been prepared and filed, as ordered by the Court.

**C. Plaintiff shall refrain from writing letters to the undesigned**

Plaintiff is admonished that it is improper to communicate with the undersigned via letters. The Court cannot take action on behalf of a party unless the party files an appropriate motion in

compliance with the Federal Rules of Civil Procedure and the Court's Local Rules. For that reason, Plaintiff shall refrain from sending letters to the undersigned.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for subpoena of records (Doc. 14) and amended motion for "protection order" (Doc. 15) are **denied** at this time.

2. The complaint fails to state a claim as to Defendant Armor Correctional Health, Inc., and that defendant is **dismissed without prejudice** from this action.

3. **No applications, motions, or discovery should be filed or considered until the steps set forth in the Court's prior Order (Doc. 10) have been completed, except as the Court further orders.**

4. Plaintiff shall refrain from writing letters to the undersigned.

ORDERED THIS 17th day of March, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE